UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TYNELL R. WASHINGTON, )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>QUINCY POLICE )<br>DEPARTMENT *et al.*, )<br>    Defendants. ) | Case No. 3:25-cv-03195-SEM |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court for screening under 28 U.S.C. § 1915A is a Complaint (Doc. 1) and a Motion for Leave to File a First Amended Complaint (Doc. 6) filed under 42 U.S.C. § 1983 by Plaintiff Tynell R. Washington, a detainee at the Adams County Jail. Plaintiff also filed a Motion for Counsel. (Docs. 5.)

Plaintiff's Complaint is dismissed for failure to state a claim. Plaintiff's Motions for Counsel and Leave to File an Amended Complaint are denied for the reasons stated. Plaintiff has thirty days to file an amended pleading.

# I. COMPLAINT

## A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## B. Alleged Facts

Plaintiff's Complaint identifies the following Defendants: Eighth Judicial Circuit Associate Judges Zachary P. Boren and Holly J. Henze, Adams County State's Attorney Todd Eyler, former Adam's County State's Attorney Gary Farha, Attorney Jessie Gilsdorf; Adams County Sheriff Tony Grootens, former Adams

County Chief Public Defender Chris Pratt, Quincy Police Department Chief Adam Yates, Adams County, Adams County Jail, Adams County Public Defender's Office, Adam's County Sheriff's Department, Gilsdorf Law Office, City of Quincy, Quincy Police Department, and the State of Illinois. (Pl. Compl., Doc. 1 at 1-3.)

Plaintiff's pleading originates from his November 5, 2023, arrest in Adams County and subsequent detention at the Adams County Jail. Plaintiff recalls that following his arrest, he appeared before a state judge, who found sufficient probable cause to hold Plaintiff for trial. Plaintiff claims he was denied a preliminary hearing or indictment by a grand jury. (*Id.* at 4:19.)

From this premise, Plaintiff claims the Quincy Police Department and Adams County State's Attorney's Office used written police reports instead of testimony to establish probable cause to prosecute. (*Id.* at 3:18.) Plaintiff further alleges that the state "court and police" improperly used the police reports to justify Plaintiff's continued detention and prosecution. (*Id.* at 4:20.)

Plaintiff contends that Adams County maintained a systematic practice of holding detention hearings with inexperienced or underqualified public defenders under the authority of Defendant

Pratt. Plaintiff acknowledges that none of the public defenders he criticizes represented him in his criminal case. (*Id.* at 5:23.)

Plaintiff claims that due to a backlog, Defendant Gilsdorf from the Gilsdorf Law Office was assigned to represent him. Plaintiff contends that Gilsdorf's history of unethical behavior resulted in his continued unlawful detention until August 24, 2024, when Plaintiff was "finally indicted." (*Id.* at 4:21.) Plaintiff provides further facts in support of his allegation that Gilsdorf provided ineffective assistance of counsel. (*Id.* at 5:24-6:27.) Plaintiff subsequently opted to represent himself and filed Motions to Dismiss, but sometime thereafter, was represented by an assistant public defender. (*Id.* at 6:27, 30.)

Plaintiff claims that his assigned assistant public defender and another assistant public defender informed Plaintiff that Judge Henze intended to deny Plaintiff's *pro se* motions. Plaintiff characterizes Judge Hanze's contact with the assistant public defenders as *ex parte* communications. (*Id.* at 29.)

### C. Analysis

Plaintiff does not state a claim against Associate Judges Boren or Henze. "Judicial immunity insulates judges from being sued

except when a plaintiff sues a judge for (1) 'nonjudicial actions, i.e., actions not taken in the judge's judicial capacity,' or (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Cossio v. Tourtelot*, 725 F. App'x 406, 410 (7th Cir. 2018) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)) (vacating judgment in favor of judge on absolute immunity grounds because plaintiff alleged judge conspired to deprive him of employment, which is not a judicial act).

Additionally, Plaintiff fails to state a claim against Defendants Eyler and Farha. *See Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."); *see also Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) (stating that prosecutors are entitled to absolute immunity when determining whether charges should be brought or initiating a prosecution).

Title 42 U.S.C. § 1983 provides a claim against a person acting under the color of law who deprives another of a federal right. 42 U.S.C. § 1983; *see also Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person'

who deprives that individual of his or her federally guaranteed rights under color of state law.")

Regarding Defendant Gilsdorf, Plaintiff's court-appointed counsel, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, Plaintiff cannot state a § 1983 claim against the public defenders who may have represented him in his criminal case.

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Despite Plaintiff's conclusory allegations that Defendant Grootens authorized his detention and Defendant Yates was a

"policymaker," Plaintiff provides no facts showing their personal involvement in the constitutional violations alleged. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.").

Plaintiff names Defendant Pratt, alleging "leadership failures" in managing the Adams County Public Defender's Office, which does not state a claim under § 1983. *See Aguilar v. Gaston-Camara*, 861 F.3d 626, 630 (7th Cir. 2017) ("[Section] 1983 does not establish a system of vicarious liability; a public employee's liability is premised on her own knowledge and actions, and therefore requires evidence that each defendant, through her own actions, violated the Constitution.").

Similarly, Plaintiff does not state a claim against the Adams County Jail, Adams County Public Defender's Office, Adams County Sheriff's Department, Gilsdorf Law Office, or Quincy Police Department because "[a] building, such as a jail or correctional facility, cannot be sued under § 1983." *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned

by a corporate entity or a government agency does not make the building a suable person under § 1983.").

"Illinois is protected against civil suits in federal court by two relevant doctrines." *Murphy v. Smith,* 844 F.3d 653, 656 (7th Cir. 2016). "First, the 'Eleventh Amendment immunizes unconsenting states from suit in federal court.'" *Id.* (quoting *Benning v. Bd. of Regents of Regency Univs.,* 928 F.2d 775, 777 (7th Cir. 1991)). "Second, an Illinois statute provides, with exceptions not relevant here, that 'the State of Illinois shall not be made a defendant or party in any court.'" *Murphy v. Smith,* 844 F.3d 653, 656 (7th Cir. 2016) (quoting 745 ILCS 5/1). Therefore, Plaintiff fails to state a § 1983 claim against the State of Illinois. *See Williams v. Wisconsin,* 336 F.3d 576, 580 (7th Cir. 2003) ("Suits against states for damages should be resolved on the ground that they do not come within § 1983, not because states are protected by the Eleventh Amendment.").

The Court notes that Plaintiff attempts to assert a claim against Adams County and the City of Quincy under the United States Supreme Court's decision in *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978) for failure to train and "policy violations"

against Adams County and the City of Quincy. However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, municipal liability exists only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694; *see also Hahn v. Walsh*, 762 F.3d 617, 638–39 (7th Cir. 2014) ("*Monell* permits suits against municipal entities under § 1983, but only when a governmental policy or custom caused the constitutional deprivation; municipal entities cannot be liable for their employees' actions under a *respondeat superior* theory.").

Plaintiff fails to allege facts that establish or permit the reasonable inference that Adams County or the City of Quincy employed a policy that deprived him of his constitutional rights as alleged in his Complaint.

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim for relief. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to

File an Amended Complaint. If Plaintiff elects to file, his second amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without referring to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the persons involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

## II. Motion for Leave to File and Motion for Counsel

Plaintiff's Motion for Leave to File an Amended Complaint seeks to add Defendants to his existing Complaint, which this Court denies for the reasons stated regarding piecemeal amendments to pleadings.

Plaintiff has no constitutional right to counsel, and the Court cannot mandate an attorney accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 5) is denied because he has not satisfied his threshold burden of demonstrating that he has

attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 5) and Motion for Leave to File an Amended Complaint (Doc. 6) are DENIED.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **Plaintiff has thirty days from the entry of the Court's Order to file a Motion for Leave to File an Amended Complaint that complies with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED October 21, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE